IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BERNARDO ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SMASHY HAND CAR WASH, INC., | ) |
| AFRICA AUTO & BODY SHOP, INC., and | ) |
| MUHAMMAD SHOAIB, individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Bernardo Alvarez by and through his attorneys, Becerra Law Group, LLC, for his Complaint against Smashy Hand Car Wash, Inc., Africa Auto & Body Shop, Inc. and Muhammad Shoaib, individually, (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state

law claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Bernardo Alvarez resides and is domiciled in this judicial district.

6. Plaintiff Bernardo Alvarez is a current employee of Defendants. He is employed by Defendants as a "body man" at Defendants' two business locations 4912 N. Clark Street Chicago, Illinois doing business as Africa Auto & Body Shop and 5006 N. Clark Street, Chicago, Illinois doing business as Smashy Automotive Inc or Smashy Hand Car Wash, Inc.. During the course of his employment, Plaintiff Alvarez has handled goods that moved in interstate commerce, including, but not limited to: exterior car paint, paint spray guns, motorized sanders, and exterior car parts.

7. Defendants Smashy Hand Car Wash, Inc., Africa Auto & Body Shop, Inc. are Illinois corporations doing business within this judicial district. Defendants Smashy Hand Car Wash, Inc., Africa Auto & Body Shop, Inc. are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Defendants Smashy Hand Car Wash, Inc., Africa Auto & Body Shop, Inc. are Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3 in the three years prior to the filing of this lawsuit.

9. Defendant Muhammad Shoaib is the President Smashy Hand Car Wash, Inc. and the Secretary of Africa Auto & Body Shop, Inc. He is involved in the day-to-day business operation of both Smashy Hand Car Wash, Inc. and Africa Auto & Body Shop, Inc.. Among other things,

Defendant Muhammad Shoaib has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

10. Defendant Muhammad Shoaib is Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

11. Upon information and belief, Defendant Muhammad Shoaib resides and is domiciled in this judicial district.

### FACTUAL ALLEGATIONS

12. Defendants operate auto body repair shops in Chicago, Illinois under the names Smashy Hand Car Wash and Africa Auto & Body Shop, Inc.

13. The two locations share supplies and equipment and are operated like one company.

14. Plaintiff Alvarez worked as a "body man" for Defendants. His responsibilities included: sanding the body of vehicles; fitting and installing parts to the exterior of vehicles; primming and painting surfaces using paint sprayguns and/or motorized sanders; removing damaged sections; and filling dents, filing, grinding, sanding, and smoothing vehicle surfaces.

15. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

16. Plaintiff typically works 9 or more hours per weekday and 8 or more hours per Saturday and gets Sunday off.

17. Plaintiff typically works an average of 53 hours per week but is not paid overtime wages.

### COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 17 of this Complaint, as if fully set forth herein.)

18. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to Plaintiff for all time he worked for Defendants.

19. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

20. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

22. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

23. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

24. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

25. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

26. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff

overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times Plaintiff's regular rate for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

(Plaintiff hereby realleges and incorporates paragraphs 1 through 27 of this Complaint, as if fully set forth herein.)

28. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

29. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

30. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

31. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

32. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40

5

hours, Plaintiff is entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

33. Defendants failed to pay Plaintiff one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

34. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of the State mandated minimum wage rate or Plaintiff's regular rate for all time which Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: April 28, 2017         **BERNARDO ALVAREZ**

By: _s/Carlos G. Becerra
 One of Plaintiff's Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC#6310896)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)753-6967

6

Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com